If I get a headache later, I know where to find you. I was wondering what TSA said when their dog alerted to that bag. The next argued case is 16-16-64, CAO Group, Inc. v. Biolase Technology, Mr. Burton. Before the court this morning are legal questions, including whether the preamble, a laser system useful in medicine or dentistry, in the patent in question today, creates limitations beyond the limitations in the body of the claims. Let me ask you a little preliminary question. In your blue brief at 30-37, you have obvious arguments about independent claims 1 and 11. Yes. And at 37, you discuss all the remaining dependent claims in only one paragraph. And I mean, I can read it to you, but it seems awfully conclusory to me. Why isn't that waived under SmithKline-Beacham v. Apotex, which says a skeletal argument, really nothing more than an assertion, does not preserve a claim? Your Honor, for this reason. These are all dependent claims. And we're talking about limitations that really become unimportant if the other arguments regarding the primary reference are accepted by this court. And so really our claims do fall, rise or fall, on the Pottinger reference, the primary reference cited in this case. Oh, dear Lord, do not give that away. What is wrong with you? You have four separate rejections here, and not all the claims stand or fall with Pottinger. For example, you've got the obviousness of laser smile in Pottinger, which at least affects some dependent claims that are not covered by any of the other rejections. And I think you have good arguments there. But did you just throw those all away by your answer to Judge Wallach, where you say they all stand or fall on Pottinger? What are you doing? Your Honor, thank you. And we appreciate the support there. But we do have, and your Honor's right, but we do focus primarily, we have limitations, we have everything else that we want to focus here on Pottinger, because that is the primary reference. Well, you want to focus on it, but did you just answer him saying everything stands or falls on that thing you want to focus on and give away your dependent claim arguments, which are basic. There are some dependent claims that only stand or fall on certain combinations of art, and maybe not every combination of art is affirmable here. No, but all the combinations do have Pottinger in them. Yes. And so we're talking about a reference that is unrelated. Oh, my goodness. We think it's not analogous. Yes, but I know, but that's not my point. My point isn't whether or not I'm going to let you make your Pottinger argument. My point is, did you just hang every dependent claim, every independent claim on that Pottinger reference? No, your Honor, but it is true. We did not focus our arguments on those dependent claims. What do you mean you didn't focus it? I don't know why I'm making your case for you, but you argued with regard to Pottinger and Lasersmile, for example, that the Board articulated no motivation to combine anywhere an argument with I happen to agree with. That has nothing to do with what Pottinger actually discloses, really. It has nothing to do with whether I would affirm or reject the anticipation argument, and it contains certain dependent claims that are nowhere else rejected under any of the other arguments. So if you succeed on that particular argument, you could actually walk out of here with 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 still valid claims. Absolutely, your Honor, and there is no motivation, and we do discuss that. Pottinger, again, is not analogous, and so to combine that with the other references doesn't make sense here. Let's talk about the independent claims, Claims 1 and 11, because certainly there is an argument that if you lose on those claims, that the dependent claims would have a quite different hurdle to overcome. So proceed with your argument. Thank you, your Honor. Again, the preamble here is where we're going to start. There are other legal issues here regarding store and storage, as well as the adapted-for language that we'll get into. But quite simply, the question here is whether the packaging and laser module disclosed in Pottinger constitute a laser system useful in medicine or dentistry. And based on this Court's decision in Corning Glassworks, this Court must review the entire patent to understand what the inventor actually invented and what he intended to claim. In that case, your Honors, it's quite analogous to this one, because it addresses claim language that has a preamble, an optical waveguide, with limitations in the body, A and B, regarding a cladding layer and a core formed of fused silica. And in this case, Fumitomo asserted a prior art reference for fiber, for glass fiber that met the limitations A and B. And they argued that it also could act as an optical waveguide for a limited period of time. This Court said no litmus test can be given with respect to whether the introductory words of the claim provide limitations. The effect preamble language should be given can be resolved only on review of the entirety of the patent to gain an understanding of what the inventor's claim actually invented. Here, the specification makes clear the inventor's working on the particular problem of an effective optical communication system, not on general improvements. Similarly here, your Honors, the inventor, Dr. Chow, was not working on the particular problem of a laser module. I'm sorry, he was working on the particular problem of a laser system, not on general improvements to a laser module or even a laser in general. But your claim isn't limited to that use. This isn't the long-standing law forever. If you claim a product or a system, of course, you have to identify a use in the specification. And then you claim it, and it's yours for all uses. And so to say that it's useful for the use for which we developed it as opposed to limiting it to that use, you're not telling us that this style of claim writing was intended, but I think didn't succeed, to limit the claim to a particular use? We think, again, as in the corn and glass works, the court says you need to look at the entirety of the patent, including the specification. But if you deleted that disputed phrase from the specification, would it affect the structural definition or operation of the laser? Well, it could be incomplete. If the court looks at the specification here, it describes an entire laser system. And we are talking about just limitations A, B, C, and D. And it is not a working laser system. And that's what's addressed in the patent at whole. And I think the point is made by looking at this reference podigram. But that's in the claims. That's not in the specification. I'm sorry, Your Honor. I said that the description of the patent as a whole is in the claims. No, Your Honor. Well, in the claims, yes. With the preamble, a laser system useful for medicine, in medicine and dentistry. That gives life and meaning, to use the words of corning glass works, to this patent claim. But that style, just in ordinary language, is not limiting to that use. That's the problem, isn't it? Again, we are arguing that it does provide an additional limitation. Just as in corning where we have an optical waveguide. Okay? There was another fiber that met limitations of A and B. But it could not function as an optical waveguide as described in the specification. Isn't the difference, though, between corning and this case, that corning's preamble provided an additional structural limitation? And your limitation is the traditional intended use limitation that Judge Newman has referenced. And that has, in almost every patent I've ever read, been present. A statement of intended use appears in the preamble. And those are not generally viewed as limitations. And the difference I see for you between corning and this case is corning provided an additional structural limitation in the preamble. And yours is just a statement of intended use. Your Honor, not just a statement of intended use. It also says a laser system. And in the specification, it talks about semiconductor-based laser systems provided that are useful for tissue cutting and therapeutics in medical and dental treatment environments. Well, the laser system isn't the issue. The question is whether it should be limited to useful in medicine or dentistry, as I understood your argument. They need to be read together. No, actually, they don't. There are lots of cases we've decided where portions of a preamble are legitimately limitations, but other portions are statements of intended use and not limitations. So, I mean, I don't understand your argument. No, I understand that in some cases that may be true. But in this case, if you look at the entirety of the patent, as corning says we must do, it talks about a laser system. The entire description in the specification concerns a laser system useful for medical and medicine and dentistry. There's a role ahead of you. Are the other prior art references here not to a laser system at all? I'm sorry? Are the prior art references here not to a laser system? Because they look to me to be to a laser system, just not useful in medicine and dentistry. That's exactly right, because they don't meet the full limitation of that preamble, a laser system in medicine and dentistry. That's like saying if any word in the preamble is a limitation, every word has to be. No, I don't think I'm saying that. I'm saying that's the case here, your honor, because of what this patent is directed to. And Poniker takes one component of a laser system and puts it in the package. You have a lot of different arguments, and you have only three minutes left, and that's your rebuttal time. So is there any other argument you'd like to make today to us other than this one? Yes, and just briefly, and I will try to save a little bit of time for rebuttal. But we're looking at one of the claim limitations is it uses the term store and storage. And that can only happen here in this case under Poniker if you include holding something in your hand, meaning the fiber on the spool, if that is to store or if that constitutes storage, and we would submit that simply can't be. Additionally, the words adapted for in the claim language, adapted for gripping by a human hand, would be written out of the claim entirely if it were interpreted to address anything that can be gripped, whether or not it's designed for gripping. And I'll reserve the rest of my time. Okay, have you made all the points that you need to make? I'd love more time, Your Honor, but I would like to save a couple of minutes for rebuttal. All right, we want to be sure that we cover the issues. Thank you. Okay. Mr. Raskin. Good morning, Your Honors. May it please the Court. I think I'd like to begin my argument by addressing Judge Moore's comments regarding the motivation to combine. At least one of you will. Go ahead. LaserSmile and Pottinger. First off, I didn't see any mention in Appellant's brief addressing or contesting a motivation to combine, but their argument that they were making was an inoperability argument, that if you modified LaserSmile to include the spool of Pottinger, it wouldn't work. And insofar as that constitutes a motivation to combine argument, then I agree that they made that argument. But as far as using the words motivation to combine, I don't see that anywhere in either their opening brief or their reply brief. But on that point, both the examiner during the- I guess what I sort of thought they were making, where they say at pages 35 and 36 of the brief, the teachings of Pottinger and LaserSmile teach away from the proposed combination. I kind of maybe wrongly assumed that what they were arguing here is there wouldn't be a motivation to combine these two things because of the manner in which they each disclosed. But I think in the very end it says, you know, it teaches away from this combination. I think that's where I got the idea from, that they were making that argument. Okay, so I'll address that portion of their brief. So what Appellant is arguing there is that LaserSmile, and this is, I'm paraphrasing from their brief, that the intended purpose of LaserSmile is to make fiber easily available when needed and to retain the fiber closer to the device. But if you look at the page of the appendix to which they cite, which is appendix 152, that doesn't appear anywhere on that page of the appendix. There's nothing in the record that says the intended purpose of LaserSmile is to keep this extra fiber close to the device. But they talk generally about the purpose and the use of the fiber and so on. And they say that this is limiting and that the prior art has not developed laser uses in the fiber modules for the medical dental use. That's true, Your Honor. Do you agree that that's novel? That, I'm sorry, that what is novel? Well, they're saying that their preamble is limiting. Oh, okay, the preamble issue. We believe that the preamble is not limiting. We think that the Corning Glassworks case that Appellant relies on almost exclusively is very easily distinguishable. In the Corning's Glassworks case, the limitation in the preamble was optical waveguide. And the court, after reviewing the specification of that patent, determined that the optical waveguide was a critical part of the invention, but the optical waveguide didn't appear anywhere else in the claim and therefore added a new limitation to the claim and breathed life into the claim. Well, that's a specific limitation. Suppose the preamble, instead of saying a laser system useful in medicine, said a laser system for use in medicine and dentistry. That would be quite a different situation, would it not? I don't think it would, Your Honor. I think in our situation, you have a preamble that says laser system useful in medicine or dentistry or using, Your Honor's hypothetical, laser system for use in medicine or dentistry. But in the body of the claim, there is already a limitation that says that the system must have a laser module that produces light that is usable for therapeutic purposes in medicine or dentistry. So we already have that limitation in the claim. We're not saying that this system can have nothing to do with medicine or dentistry. It certainly does. There needs to be a laser module that's capable of producing light that is usable in medicine or dentistry. So why the emphasis then on the preamble at all? Because what Appellant is trying to do is to narrow the scope of this claim to systems that you can put in a medical office and use on a patient. And if you read the declarations that they submitted in support of their— I mean, the analogy I keep thinking is in dentistry and everything else. When people started taking old dental tools and using them to do hobby work or whatever, it's usable in other things. Right. That's correct, Your Honor. And so what they're trying to say is— and when you read the declarations that they submitted from dentists, for example, and those dentists say, well, this is too bulky to use in a dentist's office or there's no laser emission control and therefore it wouldn't work. Those are not elements of the claim. The claims don't require a laser emission control. They don't require a power source. They don't require that the system be easily maneuverable or comfortable. All they require are these four or five elements, a housing, a laser module, fiber, and with respect to Claim 11, a handpiece. If those elements are found in the claim or in the prior art, then the claim is anticipated or if they're found in a combination, they're rendered obvious. The preamble doesn't add any additional limitations or features to this claim that aren't already in the body of the claim. Appellant is trying to concoct some additional limitations that would exist if the preamble is found to be a limitation such as a laser emission control, things like that. But the preamble itself, useful in medicine or dentistry, that's already a limitation of the claim. But it uses the same words. It says usable. It doesn't limit the use. And that's really to try to understand where there may have been a patentable contribution. Is it lost in the generality of the claim because it just says you put your laser in a module? No, I don't believe it is, Your Honor, because the claim body itself requires a laser module that produces light  and then it requires that fiber coming out of the laser module and the fiber terminating in a handpiece. And then it requires the extra fiber, the outer casing, all of these other things. And when those elements are all put together, you have a system. Okay, now whether that system is useful in medicine or dentistry, and maybe we're wasting some time here. I'm not suggesting that you're wasting time, but because in the end, I don't think it matters. Well, then why aren't they entitled in that case to the claims? Well, because Pottinger 1, the reference, discloses a system that's useful in medicine or dentistry. Usable, not useful. The claim requires usable. Useful is in the preamble. The claim limitation says usable for therapeutic purposes in medicine or dentistry. Does Pottinger disclose a laser system which is actually usable for therapeutic purposes? Well, the limitation that you're referring to, Your Honor, is a laser module that's usable, not an entire laser system. But in either event, yes, we need to show that Pottinger 1, with respect to the anticipation argument, that Pottinger 1 includes a laser module that's usable in medicine or dentistry. And both the examiner and the PTAB certainly have substantial evidence on which to base their conclusions that it does. That's the laser module. Well, first of all, Your Honor, we have a waiver argument with respect to this claim. Get me on that, which is not enough time. But turning to the actual substance of that argument, the Pottinger 1 discloses a laser 2000 manufactured by Lucent as the preferred embodiment of the laser module. There is evidence in the record demonstrating, and this is the actual, this is the spec sheet for that laser module, and that's page 594 of the appendix, that the laser module 2000 operates a light at a wavelength of 1310 nanometers. Because what we're talking about in this element of the claim is the laser module producing light that's usable in medicine or dentistry. So what the laser 2000 product literature says at 594 is that it's designed for 1310 nanometer single-mode fiber optic applications. And then the Wirbelauer article, which is page 1865, states that light at that wavelength is used in surgical contexts. Well, the one thing that is different about this case vis-a-vis our preamble case law, which I don't think is really the way it's argued here, but one thing that's different between this case and other precedent where we've held the preamble is not a limitation if it's just a statement of intended purpose. This case is as close as you can get to antecedent basis without actually being antecedent basis. Certainly we have a lot of preamble cases that say if the body refers for antecedent basis back to something in the preamble, then it's a limitation. The preamble is, in fact, a limitation, hands down. But this case, it's not exactly antecedent basis. But unlike statements of just general intended purpose, which are usually limited to the preamble, in most of the cases where we've been looking at these questions of is the preamble a limitation, here you have a statement of intended purpose in the preamble, and then you actually have an almost identical repetition of that statement in one of the claim elements. So does that create a slightly different situation than all the cases where we've rejected the idea that it's just a statement of intended purpose? Yeah, and Your Honor, I thought about that as well, the antecedent basis question, and I don't believe that the preamble here provides antecedent basis. Technically, I don't think it does, technically, because it doesn't say the whatever, whatever, whatever, referring back to. So I think from a very prosecution-oriented technical argument, I don't know that it does, but should it nonetheless sort of fall under that rubric? Because clearly what they are saying is that this statement of intended purpose is more than just a generic statement of intended purpose, because they've actually imported it to some extent into at least one of the elements of the claim. Well, I respectfully believe that it should not. I do not think that this case is different from those other cases that you're suggesting, and I certainly think it's much different. Well, it is different from the factual statement that those other cases never use, repeat the words of intended purpose anywhere in the actual body. So it is different. The question is, does that difference make a difference? I don't think it does make a difference, Your Honor. I don't, because I think the limitation in the body of the claim, that the laser module will be capable of producing laser light that's usable for therapeutic purposes in medicine or dentistry, of course that needs to be found in the prior art. And once that is found in the prior art and combined with the other elements, you end up with a system that's useful in medicine or dentistry. I just don't think it matters. Well, that's not what the PTO found, though, right? The PTO didn't find that the Pottinger discloses a laser system useful in medicine or dentistry. We don't have to decide whether the Pottinger system finds that, because the preamble is not a limitation. No, I believe it would be the alternative. I think they actually did find that, Your Honor. That's at pages 13 to 14 of the appendix, which happened to be pages 12 to 13 of the decision. So if you look at starting on page 13 with the paragraph that begins with consequently, I'm sorry, this is page 14 of the appendix, page 13 of the PTOB's decision. The consequently is referring to the fact that Appellant didn't even make this argument. I consequently looks, okay. And then when you get to the bottom of that paragraph where the last sentence, that since the laser module depicted in Figure 1 of Pottinger won't satisfy these two limitations from the body, it inherently satisfies the preamble of the claim. So as well as page 16 of the appendix, the very last sentence where it says, therefore the requester and the examiner have shown that Figure 1 of Pottinger depicts a laser system useful in medicine or dentistry, as required in Claim 1. So I believe both at the PTAB, that the PTA both rejected their preamble argument, but then went on to find that it doesn't matter, which is my point. Okay. Now, if there's any question about whether Pottinger 1 does disclose a system that's useful in medicine or dentistry, as set forth in the preamble, if we're giving the preamble weight, the obvious is combination of laser, smile, and Pottinger clearly does show that. I mean, laser, smile is a product that was sold by our client, which goes in the dentist's office and has everything. The only thing that laser, smile doesn't have is a removable spool. And what the examiner and what the PTAB found was that it would be obvious to modify that to have a removable spool using Pottinger 1. Well, in fact, Pottinger even suggests it, right? Pottinger suggests there's a problem, doesn't it? Right, exactly, with the falling away. Right, exactly. And so they suggest at least a reason to try to find another way to do it. Right, so if there's any issue with whether Pottinger 1 satisfies the preamble, assuming we find that the preamble is a limitation to which we don't agree, then we can always turn to the combination of laser, smile, and Pottinger. I see that I'm over. Whatever else you need to tell us, and we will enlarge your opponent's time somewhat. Is there any other point you need to make? No, the two points that Appella made, the storage and the adapted form, I'm happy to rely on those. Okay, thank you. Mr. Burton. Thank you. Your Honor, quite simply, Pottinger does not meet the other elements. Let me rephrase. It does not meet the preamble simply because it's not a system that can be useful in medicine or dentistry. It's much like a patent claim that goes to a television. If you have packaging that ships just the LEDs for an LED television, that's not going to meet the preamble that says a television. Even on your position of the preamble, how does that help you with the prior art? I don't understand the question, Your Honor, but Pottinger does not have anything but one component of a laser system. It's not useful because it can't be used as it is. It's in a package, and it doesn't have any power supply. It doesn't have any means of applying the laser through a handpiece or anything else. It's not a usable system. All it is is a laser module in a package for shipping. It is not a laser system useful in medicine or dentistry. Now, moving on, and I just want to emphasize there are at least two other claim elements that are not met by Pottinger, and I only mentioned them very briefly. But, again, one of them is a fiber module having an outer casing, attachable to and removable from the housing and configured to store amounts of extra fiber. In Claim 11, it describes it as a fiber storage module sufficient to store significant amounts of fiber. Pottinger, as has been mentioned, talks about how that optical fiber must be grasped and held in place when the spool is manually handled. It says that the wound optical fiber must be held on to the spool until the spool is attached to the base plate. This must be storage when it's attached and when it's removed. Storage cannot include grasping that fiber in the hand. Now, in addition, in Claim 11. Well, but the board, look, to the extent that the board found that Pottinger is configured to store a significant volume of extra fiber, I don't see any support in the record for that. But what I do see support in the record for, substantial evidence anyway, is their finding that spool 22 is configured to allow for storage of fiber around the cylindrical wall. So why is that not the substantial evidence necessary to affirm? The board is leaving out part of the Claim 11, which is detachable and removable. And it should be storing when it's both attached and removed from the housing, configured to store. And so it's just ignoring that part. When that spool is removed from the housing, it must be held by the hand. That's what Pottinger says. And so the board is overlooking that particular claim limitation in that element that says the module must be attachable and removable and configured to store. And that's what it's leaving out there. And then the last claim element that is simply not met, as mentioned before, is adapted for the hand. And this court in Inriman says that the phrase adapted to generally means made to, designed to, configured to. And in this case, capable of, is not sufficient, where the inventor was clearly talking about a device that provides maximum manual dexterity and maneuverability during use. For a medical or dental use. Can I ask why it is that you think that it has to have extra storage volume even when detached? The claim says a fiber storage module comprising a module housing attachable and detachable from the casing and having a volume sufficient to store extra fiber. It looks like those are two separate limitations. And I don't know that the second one has to be true in all of the variations of the first one. So why do you think it does? Well, with respect, Your Honor, I believe that's worded to modify the housing that is attachable and detachable. If you're going to remove fiber or one module or spool, as the case may be, with fiber on it. I definitely agree it's modifying module, but I didn't necessarily understand why it had to be true when it's both attached and detached, even though attachable and detachable were a separate element. Well, the module, Your Honor, is described as comprising housing attachable and detachable. And that's where I would suggest that that has to be. Okay. Okay. Thank you, Mr. Burton. Mr. Raskin, you did get into a new issue or so. Are you content to stay with the brief? Yes, Your Honor. Okay. Thank you. The case is taken under submission. Thank you.